[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11644
Non-Argument Calendar

_____

D. C. Docket No. 04-00482-CV-JOF-1

MICHAEL R. RAY,

Plaintiff-Appellant,

versus

EQUIFAX INFORMATION SERVICES, LLC,
MBNA AMERICA BANK, N.A.,

Defendants-Appellees,

ON-LINE INFORMATION SERVICES, INC., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 5, 2007)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Michael R. Ray ("Ray"), proceeding *pro se*, appeals the district court's order granting summary judgment in favor of the defendants, Equifax Information Services, LLC ("Equifax"), and MBNA America Bank, N.A. ("MBNA"). Ray filed suit against Equifax, MBNA and other defendants alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x; violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 to -170; negligence; and breach of fiduciary and other duties. In granting summary judgment, the district court essentially found that Ray had failed to support any of his claims. Ray raises numerous arguments on appeal,[1] but we need address only his first argument because it is dispositive. Ray argues, and we agree, that we should vacate the district court's order because he was not provided with the notice required by Federal Rule of Civil Procedure 56(c).

## I.

Rule 56(c) requires that the district court provide "10-day advance notice to

---

[1] Ray argues that the district court erred by, among other things: (1) denying his motion to amend his complaint; (2) not requiring the defendants to make Federal Rule of Civil Procedure 26 initial disclosures or hold a Rule 26 conference; (3) ending discovery prematurely and refusing to reopen it; and (4) granting summary judgment. We note that Ray has failed to challenge on appeal a number of rulings by the district court not related to the two summary judgment motions at issue. However, we decline to address what effect, if any, this would have in the event this matter is submitted for our review again.

the adverse party that [a motion for summary judgment] and all materials in support of or in opposition to the motion will be taken under advisement by the trial court." *Moore v. State of Florida*, 703 F.2d 516, 519 (11th Cir. 1983) (per curiam). At a minimum, the district court must advise the *pro se* non-movant "of his right to file affidavits or other material in opposition to the motion, and of the consequences of default." *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam). "We have held repeatedly that this requirement of notice will be deemed *strictissimi juris* and applies to *all* parties litigant." *Id.* This is especially true in the context of *pro se* prisoners. *Id.*

We have applied a limited harmless error analysis to this rule. *See Coleman v. Smith*, 828 F.2d 714, 716-17 (11th Cir. 1987) (per curiam) (holding the error harmless where partial notice was provided); *Denis v. Liberty Mut. Ins. Co.*, 791 F.2d 846, 850 (11th Cir. 1986) (holding in a counseled, civil context, that error was harmless because "the parties made all the arguments and submitted all the documents that they would have" absent the error). The harmless error analysis does not apply to the facts of this case.

After carefully reviewing the parties' briefs and the record here, we find that the district court committed reversible error. The record indicates that the district court's standard Rule 56(c) notice form, which was referenced in the docket entries

3

of the motions for summary judgment and available on the court's website, was never sent to Ray by one of the parties or by the court. Further, neither party has contested Ray's assertion that he had no internet access in prison in order to check the court's website.

We note that the district court provided some information regarding summary judgment in its revised case instructions, and warned Ray that failing to respond to the motions for summary judgment could result in dismissal. Nevertheless, neither the court nor the movants explained Rule 56 to Ray by providing the notice or otherwise, even after he twice indicated that he had not received the notice.

Finally, although Ray did respond to the motions for summary judgment, and although he was able to cite Rule 56 caselaw, it is not clear that he understood the workings of the rule, or the proper way to respond. Indeed, he specifically alleges that he did not understand that he needed to attach evidence to his filing. Thus, it is at least not clear that he has "submitted all the documents that [he] would have presented had [he] received the notice." *Id.*

Accordingly, as we enforce the Rule 56(c) notice requirement *strictissimi juris*, we hereby vacate the district court's entry of summary judgment and remand this case for further proceedings.

4

**VACATED AND REMANDED.**