[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12954
Non-Argument Calendar

_____

D. C. Docket No. 06-60371-CV-PCH

JANICE BURGOS,

Plaintiff-Appellant,

versus

MICHAEL CHERTOFF, as Director of the
United States Department of Homeland Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 23, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Janice Burgos appeals from the district court's grant of summary

judgment in favor of the U.S. Department of Homeland Security ("DHS") in her employment discrimination and retaliation suit under the Rehabilitation Act (the "Act"), 29 U.S.C. § 701, et seq. Burgos claims in her suit that DHS denied her a job transfer as a reasonable accommodation for her disability and subjected her to a hostile work environment. She also claims that DHS retaliated against her by (1) denying her the opportunity to work overtime and (2) breaching a settlement agreement she had previously entered into with DHS by (a) conducting an unduly strenuous fitness-for-duty examination before she was able to see her physician, (b) failing to have the examination conducted by an orthopedist or neurologist, and (c) failing to consult with her physician before reaching a final determination on her request for a job transfer.

"We review de novo the district court's grant of summary judgment," viewing "all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." Burton v. Tampa Housing Authority, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317,

323-24, 106 S.Ct. 2548, 2553 (1986). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990) (internal quotations and citation omitted). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is genuine if the record taken as a whole could lead a reasonable jury to find for the nonmoving party. Id.

> A party opposing summary judgment may not rest upon the mere allegations or denials in its pleadings. Rather, its responses, either by affidavits or otherwise as provided by the rule, must set forth specific facts showing that there is a genuine issue for trial. A mere "scintilla" of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.

Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

**Discrimination and Hostile Work Environment**

"The Act prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000); see also 29 U.S.C. §§ 791, 794a. The remedies, procedures, and rights of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., are available to plaintiffs filing complaints under the Act. 29

3

U.S.C. § 794a(a)(1). To establish a prima facie case of discrimination under the Act, an individual must show that she: (1) has a disability; (2) is otherwise qualified for the position; and (3) was subjected to unlawful discrimination as the result of her disability. Sutton v. Lader, 185 F.3d 1203, 1207 (11th Cir. 1999). For purposes of determining whether the Act has been violated, the Act incorporates the standards of the Americans with Disabilities Act. 29 U.S.C. § 791(g).

"The Act defines 'individual with a disability' as any person who: '(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment.'" Mullins, 228 F.3d at 1313 (quoting 29 U.S.C. § 705(20)(B)).

Major life activities are "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i) (pertaining to the ADA); 34 C.F.R. § 104.3(j)(2)(ii) (pertaining to the Act); Mullins, 228 F.3d at 1313. We have declined to hold that driving is a major life activity for purposes of the Act. Chenoweth v. Hillsborough County, 250 F.3d 1328, 1329-30 (2001).

The employee has the burden of proving a hostile work environment.

4

Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1521 (11th Cir. 1995). To establish a prima facie case for a hostile work environment claim, a plaintiff must demonstrate that: (1) she belongs to a protected group; (2) she has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and thus create a discriminatorily abusive work environment; and (5) the employer is responsible for that environment under a theory of either direct or vicarious liability. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

The record shows that Burgos was not disabled under the Act and, therefore, did not establish a prima facie case of discrimination under the Act. See Sutton, 185 F.3d at 1207. Because she was not disabled under the Act and did not establish membership in any other protected group, Burgos also did not establish a prima facie case of hostile work environment under the Act. See Miller, 277 F.3d at 1275. Accordingly, we affirm the district court's grant of summary judgment in favor of DHS as to Burgos's discrimination and hostile work environment claims.

**Retaliation**

The Act incorporates the anti-retaliation provision from § 12203(a) of the Americans with Disabilities Act ("ADA"). 29 U.S.C. §§ 791(g), 793(d), 794(d).

5

Under the ADA's anti-retaliation provision, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). This anti-retaliation provision is similar to Title VII's prohibition on retaliation. See Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). Accordingly, we assess retaliation claims pursuant to the Act under the same framework used for Title VII retaliation claims. See id.

To establish a prima facie case of retaliation a plaintiff must show that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was some causal relationship between the two events. Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir.1997). A "plaintiff must show that a reasonable employee would have found the challenged action materially adverse." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, __, 126 S.Ct. 2405, 2415 (2006). A materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at __, 126 S.Ct. at 2415 (internal quotation & citation omitted). "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated." Gupta v. Fla. Bd. of

6

Regents, 212 F.3d 571, 590 (11th Cir. 2000) (quotations and alterations omitted).

Once the employee establishes a prima facie case of retaliation, the burden switches to the employer to articulate a nonretaliatory reason for its treatment of the employee. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). If the employer presents a legitimate explanation for its actions, the burden then returns to the employee to show that the explanation is pretextual. Id. "A reason is not pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (quotation omitted). The plaintiff can meet her burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. (quotation omitted). However, "[p]rovided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000). Regardless of its legal conclusions, to enable meaningful appellate review, district courts must "make explicit both its findings of fact and its application of the law." Doe v. DeKalb County School Dist., 145 F.3d 1441, 1446 (11th Cir. 1998) (ADA

discrimination context).

Assuming that Burgos established a prima facie case of retaliation with regard to denial of overtime, her fitness-for-duty examination, and the type of doctor who performed the medical evaluation, Burgos did not present evidence that DHS's proffered reasons for its actions were pretextual. See Pennington, 261 F.3d at 1266. Accordingly, we affirm the grant of summary judgment as to Burgos's retaliation claim with regard to overtime, the fitness-for-duty examination, and the examining doctor.

The record shows that the district court found generally that Burgos had established a prima facie case of retaliation, but the court did not examine with particularity whether she met the materially-adverse and causal-relationship prongs with regard to the failure to consult her physician. See Holifield, 115 F.3d at 1566; Burlington Northern, 548 U.S. at __, 126 S.Ct. at 2415. Also, the record is not clear as to whether DHS proffered a legitimate nonretaliatory reason for its own inaction. Therefore, we vacate the order of summary judgment as to Burgos's retaliation claim based on the failure to consult her physician and remand for further findings, with particularity, as to: (1) whether Burgos met each prong of a prima facie case of retaliation, (2) whether DHS proffered a legitimate nonretaliatory reason for its inaction, and (3) whether a preponderance of the

evidence showed that DHS's proffered reason was pretextual. See <u>DeKalb County</u>

<u>School Dist.</u>, 145 F.3d at 1446.

**AFFIRMED IN PART; VACATED IN PART AND REMANDED.**