[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 13, 2009
THOMAS K. KAHN
CLERK

No. 08-10879
Non-Argument Calendar
_____

D. C. Docket No. 04-00482-CV-JOF-1

MICHAEL R. RAY,

Plaintiff-Appellant,

versus

EQUIFAX INFORMATION SERVICES, LLC,
MBNA AMERICA BANK, N.A.,

Defendants-Appellees,

ON-LINE INFORMATION SERVICES, INC., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 13, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Michael R. Ray, a prisoner proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Equifax Information Services, LLC ("Equifax") and MBNA America Bank, N.A. ("MBNA") on his Fair Credit Reporting Act ("FCRA") claims as well as other non-dispositive rulings by the district court.[1] We previously remanded this case for failure to provide Ray with notice as required by Federal Rule of Civil Procedure 56(c). *Ray v. Equifax Info. Services, LLC*, 230 F. App'x. 871, 872 (11th Cir. 2007) (per curiam). Since then, Ray has received proper Rule 56(c) notice.

On appeal, Ray first argues that the district erred in refusing to grant him leave to amend his complaint. Second, he asserts that the district court erred in stating that his second response to Equifax's motion to dismiss was untimely when it denied his motion for reconsideration because the court had granted him an extension to file the response. Third, he argues that the district court abused its discretion in denying his motion to extend discovery, refusing to reopen discovery,

---

[1] In his complaint, Ray alleged that Equifax and MBNA and other defendants had been negligent, breached fiduciary duties, violated the FCRA, 15 U.S.C. §§ 1681e(b), 1681i(a), and violated the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10. On appeal, he only raises arguments in regard to his FCRA § 1681e(b) claim; therefore, the other claims have been abandoned. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (stating that claims that have not been briefed are deemed abandoned and their merits will not be addressed). Additionally, all defendants except Equifax and MBNA were dismissed.

2

not holding a Rule 26 discovery conference, and not requiring Equifax and MBNA to make Rule 26 initial disclosures. Fourth, he contends that the district court abused its discretion in denying his motion for judicial recusal because the judge was prejudiced against him in his rulings after the case was reversed and remanded. Lastly, he argues that the district court erred in granting summary judgment in favor of Equifax and MBNA on his FCRA claims because Equifax did not issue accurate reports and MBNA did not provide updated information on his accounts to Equifax.

## I. Denial of Leave to Amend

We review a district court's denial of a motion to amend a complaint for an abuse of discretion. *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1366 (11th Cir. 2007) (per curiam), *cert. denied*, 128 S. Ct. 2513 (2008).

Federal Rule of Civil Procedure 15(a) restricts the discretion of district courts to dismiss complaints without providing an opportunity for amendment. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). A plaintiff may amend his complaint once as a matter of course before a responsive pleading is served or "within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Fed. R. Civ. P. 15(a)(1). In all other cases, the court may grant leave for the plaintiff to amend his

3

complaint "[w]here a more carefully drafted complaint might state a claim." *Bryant*, 252 F.3d at 1163. Where a party's motion to amend is filed after the deadline for such motions as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted. Fed.R.Civ.P. 16(b); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam).

A district court need not allow an amendment, however, where (1) there has been undue delay or bad faith; (2) allowing an amendment would cause undue prejudice to the opposing party; or (3) an amendment would be futile. *Bryant*, 252 F.3d at 1163. In *Maynard v. Board. of Regents of the Division of Universities of the Florida Department of Education*, 342 F.3d 1281 (11th Cir. 2003), we found that a district court did not abuse its discretion in denying a plaintiff leave to amend his complaint on the last day of an extended discovery period because it "would have produced more attempts at discovery, delayed disposition of the case, and likely prejudiced" the defendant, and there was no good reason why the plaintiff could not have made the motion earlier. *Id.* at 1287. Further, we have affirmed the denial of leave to amend where the plaintiff sought to raise an issue for the first time after the defendant had moved for summary judgment. *Layfield v.*

4

*Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (per curiam).[2]

Here, the district court did not abuse its discretion in denying Ray leave to amend his complaint because an amendment would have resulted in undue delay as Ray requested leave to amend two years after discovery ended, after the parties filed substantive motions, and after the case had been remanded. Further, an amended complaint would have prejudiced Equifax and MBNA because the discovery period had expired. Because Ray did not present good cause to justify the delay in the request, the district court was within its discretion in denying Ray's motion for leave to amend. Therefore, we discern no reversible error in this respect.

## II. Motion for Reconsideration

We review the denial of a motion for reconsideration for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *In re Hillsborough Holdings Corp.*, 127 F.3d 1398, 1401 (11th Cir. 1997) (internal quotation marks and citation omitted). Additionally, we give "great deference" to a district court's

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

interpretation of its local rules and review a district court's application of local rules for an abuse of discretion. *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008).

Here, Ray does not challenge the district court's denial of his motion for reconsideration, but rather challenges the district court's finding that his second response to Equifax's motion to dismiss was untimely because the court granted him an extension to respond to the motion to dismiss *nunc pro tunc*. Ray had previously filed a timely response to the motion to dismiss, and the district court ultimately found that the second response was a sur-reply not contemplated by the local rules. Assuming *arguendo* that the district court erred in finding his second response untimely, it did not abuse its discretion in denying the motion for reconsideration because it considered the second response and found that it did not "contain new evidence, an intervening change in the law, or explain any clear error in the court's previous ruling" to warrant reconsideration. Thus, there is no reversible error in finding the response untimely.

### III. Discovery Orders

We review the denial of a discovery motion for abuse of discretion. *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1264 (11th Cir. 2006). "District judges are accorded wide discretion in ruling upon discovery motions,

6

and appellate review is accordingly deferential." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (quoting *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996)). "Rather than viewing each discovery request in isolation, we begin by considering the scope of discovery previously granted by the [d]istrict [c]ourt." *Id.* We will not overturn discovery rulings unless the ruling resulted in substantial harm to the appellant's case. *Id.*

Additionally, we have stated:

> A plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited. When the record becomes clear enough to disclose that further discovery is not needed to develop significant aspects of the case and that such discovery is not likely to produce a genuine issue of material fact, discovery should be ended.

*Aviation Specialties, Inc. v. United Technologies, Corp.*, 568 F.2d 1186, 1190 (5th Cir. 1978).

According to the local rules for the Northern District of Georgia, motions for a discovery extension "must be made prior to the expiration of the existing discovery period" and "will be granted only in exceptional cases where the circumstances on which the request is based did not exist or. . . could not have [been] anticipated. . . ." N.D. Ga. R. 26.2(B).

Federal Rule of Civil Procedure 26(a)(1) requires that parties to civil actions make initial disclosures. Fed. R. Civ. P. 26(a)(1)(A). The rule, however, exempts

7

proceedings brought under Fed. R. Civ. P. 26(a)(1)(B). *Id.* One such proceeding is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv). Thus, defendants in civil actions brought by *pro se* prisoners are not subject to the initial disclosure requirements. *Id.* Likewise, proceedings exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B) are not subject to the Rule 26(f) discovery conference rules. Fed. R. Civ. P. 26(f)(1).

Here, the district court did not abuse its discretion in denying Ray's requests to extend discovery and to reopen discovery upon remand because he had previously received two discovery extensions. Discovery lasted approximately one year, and Ray has not specified what information he was unable to obtain during the discovery period or how further discovery would have been helpful in resolving the issues. Additionally, the district court was not required to conduct a Rule 26(f) discovery conference or order the defendants to submit initial disclosures because Ray was in state custody and he brought the action without an attorney.

## IV. Recusal

We review for abuse of discretion a district court judge's decision not to recuse him or herself. *United States v. Berger*, 375 F.3d 1223, 1227 (11th

8

Cir.2004) (per curiam).

Two federal statutes,  28 U.S.C. §§ 144 and 455, govern recusal.  *See Hamm v. Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983).  Sections 144 and 455 of Title 28 are construed *in pari materia*.  *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 965 (5th Cir. 1980).

Section 144 of Title 28 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor an adverse party, such judge shall proceed no further therein . . . ."  28 U.S.C. § 144.  The affidavit must be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard . . . ."  *Id.*  Further, it must be accompanied by a "certificate of counsel of record stating that it is made in good faith."  *Id.*  "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists."  *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (per curiam).  "Properly pleaded facts in a § 144 affidavit must be considered as true."  *Id.*

Section 455(a) of Title 28 instructs a federal judge to disqualify himself if "his impartiality might reasonably be questioned," and § 455(b) requires

9

disqualification when a judge, *inter alia*, has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b). Under 455(a), the test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Further, to disqualify a judge under § 455, the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate 'such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (per curiam) (quoting *United States v. Ramos*, 933 F.2d 968, 973 (11th Cir. 1991)). Thus, the bias must be personal, as opposed to judicial in nature. *United States v. Archbold-Newball*, 554 F.2d 665, 682 (5th Cir. 1977). "Precedent clearly holds that adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001).

Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

10

*Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).  In *Liteky*, the Supreme Court found that adverse rulings, and a judge's post-trial refusal to allow petitioners to appeal *in forma pauperis*, among other things, were "judicial rulings, routine trial administration efforts, and ordinary admonishments," which were insufficient to require a judge's recusal.  *Liteky*, 510 U.S. at 556, 114 S. Ct. at 1158.

Here, the district court judge did not abuse his discretion in denying Ray's motion for recusal.  Ray did not show that the district court judge was impartial or had a personal bias or prejudice against him.  The adverse rulings (the grant of summary judgment in favor of MBNA and Equifax and the denial of several motions, including the request to re-open discovery) and the fact that the judge presided over previous proceedings was not enough to show impartiality.  Because Ray did not show a bias stemming from an extrajudicial source and the Judge's acts did not show that he was prejudiced, the district court did not abuse its discretion in denying the motion for judicial recusal.

**V. FCRA Claims**

We review a district court's grant of a motion for summary judgment *de novo*.  *Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002).

11

Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986) (citing Fed. R. Civ. P. 56(c)). The evidence and all inferences drawn from facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). In order to defeat summary judgment, however, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S. Ct. 1348. The non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2548.

The "FCRA provides a private right of action against businesses that use consumer reports but fail to comply" with its requirements. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, __, 127 S.Ct. 2201, 2206 (2007). The FCRA also creates a private right of action against consumer reporting agencies and furnishers of information for negligent or willful violations of these duties imposed by this legislation. *See* 15 U.S.C. §§ 1681n, o.

**A. FCRA Claims against Equifax: Section 1681e(b)**

12

Section 1681e(b) of Title 15 of the FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To establish a *prima facie* violation of § 1681e(b), a consumer must present evidence that (1) a credit reporting agency's report was inaccurate and (2) that the inaccurate report was a causal factor in the denial of his credit application. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156, 1161 (11th Cir. 1991). The "failure to produce evidence of damage resulting from a FCRA violation mandates summary judgment." *Nagle v. Experian Info. Solutions, Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002).

Here, Ray failed to produce the 2004 credit report which Ray claims Citibank relied on when denying him credit. Ray also failed to present evidence that the inaccurate information contained in his reports were the cause of his failure to obtain credit.

Ray produced a letter from Citibank as evidence that an inaccurate credit report caused him injury, but the Citibank letter itself stated that Ray had been denied an account because a "credit obligation related to a bankruptcy . . . was

13

recorded on [his] credit bureau report." Ray argues that the letter from Citibank was referring to the missing positive entries and MBNA's failure to report his accounts as "discharged in bankruptcy." However, because Ray failed to produce the credit report from 2004 which Citibank would have relied on, he cannot show that it was inaccurate, or even that the issues he complained of were not rectified.

Ray never produced any other evidence suggesting that Citibank or any other creditor denied him credit because of inaccuracies in the credit report produced by Equifax. Because Ray failed to produce the 2004 credit report, he did not create a genuine issue of material fact that inaccurate information was reported by Equifax or that it caused him harm, and he therefore failed to establish a *prima facie* case of a violation of § 1681e(b).[3]

## B. FCRA Claims against MBNA: Section 1681s-2

---

[3]We acknowledge that different interpretations of what constitutes an "accurate" credit report have led to the development of two differing judicial perspectives. These are the "technically accurate" approach where a credit reporting agency satisfies its duty if it produces a report containing "factually correct information about a consumer that might nonetheless be misleading or incomplete in some respect," *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1157 (11th Cir. 1991) (citing *Todd v. Associated Credit Bureau, Inc.*, 451 F. Supp. 447 (E.D.Pa. 1977), *aff'd mem.*, 578 F.2d 1376(3d Cir. 1978)), and the "maximum possible accuracy" approach where a credit reporting agency is unable to prevail on summary judgment if the agency "reported factually correct information that could also be interpreted as being misleading or incomplete." *Cahlin*, 936 F.2d at 1157 (citing *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 42-45 (D.C. Cir. 1984)). While the district court in this case used the "technically accurate" approach, this Court has not yet adopted either model. We do not reach the issue here, however, because Ray has failed to produce any evidence of an inaccuracy that was a causal factor in the denial of his credit application.

14

In his reply brief, Ray argues for the first time on appeal that MBNA had a duty to conduct a reasonable investigation into his account after receiving notice from Equifax that there was a dispute regarding the accounts, according to 15 U.S.C. § 1681s-2(b). However, "we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1183(11th Cir. 2003). Because Ray raised the issue for the first time in reply brief, it has been waived.

## IV. Conclusion

Upon review of the record and consideration of the parties' brief, we discern no reversible error. Accordingly, we affirm the district court's grant of summary judgment in favor of Equifax and MBNA.

**AFFIRMED.**