Tammy **MERIDETH**, Plaintiff,

v.

**CARNIVAL CORPORATION, a Pan-
ama corporation d/b/a Carnival
Cruise Lines, Inc., Defendant.**

**Case No. 13–CIV–23931.**

United States District Court,
S.D. Florida.

Signed Aug. 18, 2014.

Michael D. Eriksen, Eriksen Law Firm, West Palm Beach, FL, for Plaintiff.

Andrew Douglas Craven, Jeffrey Eric Foreman, Elisha Sullivan, Foreman Friedman, PA, Miami, FL, for Defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BETH BLOOM, District Judge.

This matter is before the Court upon Defendant Carnival Corporation's Motion for Summary Judgment, ECF No. [64]. The Court has reviewed the motion, all supporting and opposing filings, and the record in the case. Additionally, a hearing was held on August 18, 2014 and the parties were provided an opportunity to present their arguments on the issues contained herein. For the reasons that follow, Defendant's Motion for Summary Judgment is **DENIED.**

### I. INTRODUCTION

On the morning of May 22, 2013, Plaintiff Tammy Merideth slipped and fell while attempting to navigate through a self-service dining establishment located on one of Defendant Carnival Corporation's ("Carnival") cruise ships. *See* ECF No. [59] at ¶¶ 5–6. As a result of the fall, Merideth, a fare-paying passenger aboard the *M/S Carnival Magic*, allegedly suffered extensive injuries, forcing her to remain in a Jamaican hospital before being air-ambulanced to her home state of Texas, where she underwent surgery and was further confined to a hospital. *Id.* at ¶ 10, 42–43; ECF No. [105] at ¶¶ 13–14. Consequently, she initiated the instant litigation on October 30, 2013, alleging negligence against Carnival. *See* ECF No. [1]. Carnival now moves for summary judgment.

### II. MATERIAL FACTS

At approximately 8:30 a.m. on the morning of the fall, Merideth was eating breakfast at the self-service "Lido" restaurant on the aft deck of the *M/S Carnival Magic*, one of three similarly-constructed "Dream Class" vessels operated by Carnival. ECF No. [59] at ¶ 9; ECF No. [105] at ¶¶ 16–17. As she stepped from a carpeted area to the tile floor, her foot lost traction, slipping out from underneath her and causing her to fracture her right knee and femur. ECF No. [59] at ¶ 9. According to Merideth, the fall was proximately caused by two possible conditions: that the floor in question was contaminated by a foreign substance, either man-made or as a result of condensation from the tropical climate, or that the ceramic tiles themselves were inappropriately slippery. *See id.* at ¶¶ 11–12, 14, 29, 32–33; *see also* ECF No. [105] at ¶¶ 10, 21, 48–49. Although Merideth repeatedly testified that she had not noticed any foreign substance on the ground where the slip occurred, ECF No. [64–1] at 71:8–25, 72:14–16, 73:13–24, she nonetheless concludes that by virtue of the slip, the floor must have been contaminated in some fashion. *Id.* at 76:15–22; ECF No. [64–2] at 7:1–7.

One of Carnival's security officers also testified that there may have been condensation on the floor where Merideth slipped. *See* ECF No. [41–1] at 28:12–30:11, 55:4–21. Allegedly, the presence of condensation is a common occurrence on cruise ships operating in tropical climates, existing as result of the confluence between the cool, air-conditioned ship interior, and the hot, moist air from outside. *See* ECF No. [33–1] at 188:19–189:14. Another Carnival employee also noted that condensation was a recurring issue in the area near where Merideth was injured, forcing him to mop the floors constantly. *See* ECF No. [101–1] at 185:6–186:13. Furthermore, the rec-

ord indicates that warning cones may have been present in the area where the accident occurred. *See* ECF No. [41–1] at 19:19–22. Even without the presence of some foreign contaminant, Merideth contends that the tiles themselves did not have the appropriate level of slip resistance. Carnival's resident tile expert noted in a report that the tiles on the *M/S Magic*, while initially slip resistant, had a severe potential to lose that quality over time. *See* ECF No. [33–1] at 148:12–149:13; *see also* ECF No. [101–1] at 174:8–20. Based on this evidence, Merideth contends that Carnival was negligent in the maintenance of the self-service dining area where she was injured, claiming that Carnival was aware of, or should have been aware of, the frequent contamination of the floor via condensation and/or its lack of slip resistance in general. *See* ECF No. [59] at ¶¶ 28–29, 31–34, 41.

### III.  SUMMARY JUDGMENT STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The parties may support their positions by citation to the record, including *inter alia*, depositions, documents, affidavits, or declarations. Fed.R.Civ.P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir.2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir.2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir.2007) (quoting *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir.1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir.2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.' " *Ray v. Equifax Info. Servs., L.L.C.*, 327 Fed.Appx. 819, 825 (11th Cir.2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.' " *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in his favor. *Shiver*, 549 F.3d at 1343.

### IV.  ANALYSIS

A cruise line is not the insurer of its passengers; rather, it is liable only for its negligence. *Cohen v. Carnival Corp.*, 945 F.Supp.2d 1351, 1355 (S.D.Fla.2013).

Thus, in order to sustain a claim for negligence against a cruise operator, a plaintiff must show: "(1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages." *Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1236 (S.D.Fla.2006) (citing *Hasenfus v. Secord*, 962 F.2d 1556, 1559–60 (11th Cir. 1992)). Carnival contends that Merideth has thus far failed to establish three facts that entitles it to summary judgment. *See* ECF No. [64]. Specifically, Carnival asserts that Merideth cannot establish: (1) what caused her to fall; (2) whether Carnival had notice of the allegedly dangerous condition; or (3) that said condition existed for a sufficient length of time to permit Carnival to correct it. *Id.* at 7–12. Alternatively, Carnival asserts that any alleged condition was open and obvious, thereby absolving Carnival of its duty to warn. *Id.* To the contrary, Merideth has introduced substantial evidence rebutting Carnival's assertions. As the alleged tort occurred aboard a ship sailing in navigable waters, the Court evaluates the instant case under federal maritime law. *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F.Supp.2d 1308, 1315 (S.D.Fla.2011) (citing *Keefe v.*

*Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir.1989)).

### A. The Source of the Contamination and Actual or Constructive Knowledge

■ Carnival argues that because Merideth did not specifically identify in her deposition what caused her to slip, any negligence on the part of Carnival is entirely speculative. The Court rejects this argument. Testimony from various Carnival employees, notably, Mr. Poposki and Mr. Abille, demonstrates the more-than-speculative likelihood that condensation and/or the general condition of the tiles may have caused the floor to become slick.[1] Merely because Merideth herself cannot identify whether there was a foreign substance on the floor prior to her slip and while she sat on the floor in pain, does not necessitate the conclusion that her theory of liability is entirely hypothetical.

■ It is a well settled principle of federal maritime law that the owner of a vessel owes its passengers the duty of reasonable care under the circumstances. *Isbell*, 462 F.Supp.2d at 1236. Accordingly, before liability can be imposed, the carrier must have actual or constructive notice of the risk-creating condition.

---

1. Carnival takes extreme issue with this characterization, noting that this particular employee did not note the presence of condensation at the time of Merideth's fall. *See* ECF No. [137] at 2 ¶ 8, 6 ¶¶ 69, 76. However, a cursory review of the cited testimony reveals that this is either an inaccurate portrayal of the testimony or that the testimony is ambiguous. The testimony Carnival quarrels with is that of Rodney Abille, at the time, a security officer on the *M/S Magic*. *See* ECF No. [41-1]. When questioned as to whether the housekeeper on the scene at the time Merideth fell had noticed anything on the floor, he stated that he could not remember. Despite his initial forgetfulness, Mr. Abille then testified as follows:

Q: Did he tell you that there was—at some point he saw some condensation or moisture on the floor?
[A]: Yes, sir.
Q: And he told you he cleaned something up; is that true?
* * *
[A]: Yes, sir.
Q: Did he tell you what he cleaned up?
[A]: He said condensation.
*Id.* at 55:9–21. Thus, the testimony does not support Carnival's contention that Mr. Abille could not remember whether the housekeeper had reported a substance on the floor.

*Weiner v. Carnival Cruise Lines,* 2012 WL 5199604, at *3 (S.D.Fla. Oct. 22, 2012) (citing *Keefe,* 867 F.2d at 1322). Carnival contends that if Merideth herself was unaware of any potentially dangerous condition, Carnival could not have been aware of the same, relying on *Weiner, infra,* and *Gordon v. Target Corp.,* 2008 WL 2557509 (S.D.Fla. June 23, 2008). In *Weiner,* the Court granted summary judgment on this point when the record was "devoid of evidence that any Carnival employee or other person saw, or had reason to know of, any wet condition." *Id.* In addition, the Court in *Gordon* held that a defendant was entitled to summary judgment where plaintiff's claim of contamination was "grounded in no more than a guess or speculation, not founded on observable facts or reasonable inferences drawn from the record." *See id.* at *5–6 (noting that "speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment" (citation omitted)). Unlike *Weiner* and *Gordon,* the record herein is not so sparse. Merideth has demonstrated that condensation may have been present, and, more critically, has introduced testimony indicating that Carnival was indeed aware of frequent condensation build-up near the area at issue. As a result of the condensation, cleanup, and potential presence of warning cones, a reasonable jury could likely infer that Carnival was on notice of the potentially hazardous condition. *See Cohen,* 945 F.Supp.2d at 1356–57 (finding a lack of warning sign or cone to be critical on the issue of notice); *see also Harnesk v. Carnival Cruise Lines, Inc.,* 1991 WL 329584, at *3 (S.D.Fla. Dec.27, 1991) (noting that defendant had actual notice of the dangerous condition when they installed two "Watch Your Step" signs); *Mabrey v. Carnival Cruise Lines, Inc.,* 438 So.2d 937, 938 (Fla. 3d DCA 1983) (noting that "defendant did have knowledge that the deck was dangerous, since it had posted at the entrance to the deck a sign warning 'Slippery When Wet' "). The evidence presented here stands in contrast to that which the Court faced in *Weiner* and *Gordon;* the record reveals that Carnival may have been alerted to a general lack of slip resistance on the tile, or at the very least, a hazardous condition.

Accordingly, as Merideth has presented evidence that Carnival had either actual or constructive notice of the potentially dangerous condition, Carnival is not entitled to summary judgment on this theory of liability. *Cf. Cohen,* 945 F.Supp.2d at 1355–56 (finding no actual or constructive knowledge when there was no record evidence of any accident reports, comments, or other testimony that would alert Carnival to a safety concern). While Carnival may be correct that the floor was clear and otherwise safe at the time of the incident, Merideth has introduced sufficient evidence to reveal genuine issues of material fact.

### B. *"Open and Obvious" Condition*

■ "A cruise line's duty to warn extends to known dangers which are not apparent and obvious, and there is no duty to warn of dangers that are of an obvious and apparent nature." *Cohen,* 945 F.Supp.2d at 1357 (internal quotation and formatting removed). Under this theory, Carnival asserts that Merideth had previously been in the area where she slipped and "had walked from tile to carpet before"; therefore, "Carnival had no duty to warn [her] of a condition of which she was already aware." ECF No. [64] at 11. In *Cohen,* the court found that a plaintiff could not claim that a condition existing at the end of a gangplank used for ingress and egress was not open and obvious when the plaintiff had stated that he had been on several cruises prior to the incident and was aware of and familiar with cruise ships

and the disembarkation process. *Cohen,* 945 F.Supp.2d at 1357–58. Hinging its decision on the fact that the plaintiff had used the gangplank prior to the injury without incident, the court noted that the presence of the alleged danger was, or should have been, obvious to the plaintiff through the ordinary use of his senses. *Id.*

In the case at bar, there are no circumstances to suggest that the condition of the floor was visible or otherwise obvious to an individual utilizing their normal faculties. In *Frasca v. NCL (Bahamas) Ltd.,* 2014 WL 1385806 (S.D.Fla. Apr. 9, 2014), the Court found that the fact it was "rainy/misty" outside provided adequate warning that the exterior deck would be wet and slick "because it is obvious to a reasonable person." *Id.* at \*6–7. Conversely, herein, the possible presence of condensation on the floor and/or the lack of slip resistance of the tiles themselves may not have been conspicuous to the naked eye. *See Magazine v. Royal Caribbean Cruises, Ltd.,* 2014 WL 1274130, at \*6 (S.D.Fla. Mar. 27, 2014) (implying that anomalous conditions in otherwise safe areas, such as a slippery substance on a walkway, generally are not open and obvious). Although, Carnival's argument that Merideth had been in this location prior to her accident is relevant, it does not preclude the fact that the condition of the floor may have changed from Merideth's prior visits to that particular location. There is insufficient evidence in the record to conclude that the possible cause of Merideth's accident was open and obvious in nature.

## V. CONCLUSION

Drawing all reasonable inferences in her favor, Plaintiff Merideth has introduced sufficient evidence to create a genuine issue for trial so that a rational trier of fact could find in her favor. Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant Carnival Corporation's Motion for Final Summary Judgment, ECF No. [64], is **DENIED.**