**Martin VILLA, Plaintiff,**

v.

**CARNIVAL CORPORATION, Defendant.**

**CASE NO. 15-23413-CIV-ALTONAGA/O'Sullivan**

United States District Court, S.D. Florida.

Signed 09/13/2016

Charles D. Naylor, Law Offices of Charles D. Naylor, San Pedro, CA, Philip Dixon Parrish, Philip D. Parrish PA, Joel M. Barnett, Waks & Barnett, Miami, FL, for Plaintiff.

David James Horr, Juan Carlos Perez, Jr., Horr, Novak and Skipp, P.A., John Michael Magee, Carnival Cruise Lines, Miami, FL, for Defendant.

## ORDER

CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** came before the Court upon Defendant, Carnival Corporation's ("Defendant['s]") Motion for Summary Judgment ("Motion") [ECF No. 43], filed July 18, 2016. On August 2, 2016, Plaintiff, Martin Villa ("Plaintiff") filed his Response ... ("Response") [ECF No. 46]; Defendant filed its Reply ... ("Reply") [ECF No. 49] on August 13, 2016. The Court has carefully reviewed the parties' written submissions,[1] the record, and applicable law.

## I. BACKGROUND

Plaintiff was a passenger aboard the *Carnival Imagination* (the "Ship") on June 21, 2014, when he fell and injured his leg in the men's room. (*See* Def.'s SMF ¶¶ 1, 3). He was taken to the Ship's Medical Center and diagnosed with a fractured ankle. (*See* Pl.'s SMF Resp. ¶ 29). Defendant owns and/or operates the Ship. (*See* Def.'s SMF ¶ 2).

Plaintiff entered the men's room sometime between 8:00 p.m. and 8:15 p.m., and after taking two or three steps, he fell. (*See id.* ¶¶ 5–6). Defendant states Plaintiff testified "he believes he slipped because the floor was wet" (*id.* ¶ 8), while Plaintiff asserts he testified affirmatively the floor was wet (*see* Pl.'s SMF Resp. ¶¶ 8–9). Plaintiff testified his clothes and part of his back were wet after the fall. (*See* Def.'s SMF ¶ 9). He also testified one of Defendant's employees was inside the restroom at the time of the fall. (*See* Pl.'s SMF

---

1. Defendant's Motion contains a Statement of Material Facts ("Defendant's SMF"). (*See* Mot. 2–7). Plaintiff's Response contains a response to Defendant's SMF and Plaintiff's own Statement of Material Facts in Opposition (together, "Plaintiff's SMF Response"). (*See* Resp. 2–6). Defendant responded to Plaintiff's SMF Response in its Reply ("Defendant's SMF Reply"). (*See* Reply 1–2).

Resp. ¶ 31; Def.'s SMF Reply ¶ 31). Plaintiff did not know why, for what reason, or for how long the floor was wet. (*See* Def.'s SMF ¶¶ 10–11).

Defendant's mandatory bathroom cleaning procedure requires Defendant's employee to finish cleaning the bathroom by mopping the floor with sanitizer and rinsing it with water. (*See* Pl.'s SMF Resp. ¶ 25). Plaintiff's Passenger Injury Statement stated there was no sign to warn him the floor was wet, and there was no warning cone or sign in front of the men's room. (*See id.* ¶¶ 28, 33; Def.'s SMF Reply ¶¶ 28, 33). Defendant uses warning cones and signs in and around the bathroom when the bathroom floor is wet. (*See* Pl.'s SMF Resp. ¶ 34).

## II. LEGAL STANDARD

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff,* 274 Fed.Appx. 839, 841 (11th Cir. 2008) (internal quotation marks omitted) (quoting *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997)). "A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Channa Imps., Inc. v. Hybur, Ltd.,* Case No. 07–

21516–CIV, 2008 WL 2914977, at *2 (S.D. Fla. July 25, 2008) (internal quotation marks omitted) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the nonmoving party. *See Allen,* 121 F.3d at 646.

## III. ANALYSIS

Defendant moves for summary judgment, asserting: (1) there was no dangerous condition; and (2) it did not have actual or constructive notice of a dangerous condition.[2] (*See generally* Mot.). The Court addresses each argument in turn.

### A. Dangerous Condition

 To prevail on a maritime tort claim,[3] a plaintiff must show: (1) the defendant had a duty to protect against a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the injury; and (4) the plaintiff suffered actual harm. *See Frasca v. NCL (Bahamas), Ltd.,* 654 Fed.Appx. 949, 951–52, 2016 WL 3553217, at *2 (11th Cir. 2016) (per curiam) (citation omitted). A shipowner has a duty of reasonable care under the circumstances. *See id.* (citation omitted).

 Defendant contends there is no genuine material fact to support the allegation "the conditions in the subject restroom rendered it unreasonably dangerous for its intended use." (Mot. 11). It argues

2. In two sentences within the Motion, Defendant states the floor's wetness was open and obvious. (*See* Mot. 15). Plaintiff addresses this issue in his Response out of an abundance of caution (*see* Resp. 15–17), but Defendant does not address any of Plaintiff's points in its Reply. Defendant's argument is conclusory and provides no analysis for the Court. *See Robinson v. RockTenn CP, LLC,* 986 F.Supp.2d 1287, 1301 (N.D. Ala. 2013) (stat-

ing, regarding summary judgment: "It is not the job of the court to search through the record and make arguments for the parties.").

3. Defendant asserts, and Plaintiff does not dispute, maritime law applies to this action. (*See* Mot. 9–10; *see generally* Resp.); *see also Doe v. Celebrity Cruises, Inc.,* 394 F.3d 891, 900 (11th Cir. 2004).

because Plaintiff cannot identify the substance he slipped on, how the substance got there, how long it had been there, and did not actually see the substance on the floor, there is no evidence of an unreasonably dangerous condition. (*See id.*).

■ It is true a shipowner "does not serve as an insurer to its passengers." *Weiner v. Carnival Cruise Lines*, No. 11–CV–22516, 2012 WL 5199604, at \* 2 (S.D. Fla. Oct. 22, 2012) (citations omitted). It is also true the "mere fact that an accident occur[s] does not give rise to a presumption of a dangerous condition." *Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1237 (S.D. Fla. 2006) (alteration added; citations omitted). But the fact Plaintiff cannot identify the substance he slipped on, how it got there, or how long it was there, does not mean there was no dangerous condition. To the contrary, the following constitute evidence supporting the existence of a dangerous condition: (1) Plaintiff testified he slipped on a wet floor (*see* Pl.'s SMF Resp. ¶ 9); (2) half of his body was wet as a result of the fall (*see id.* ¶ 12); (3) Defendant's employees mop the floor with sanitizer and then rinse it with water (*see id.* ¶ 25); (4) when Defendant's employees clean the bathrooms they are required to wear slip-resistant shoes (*see id.* ¶ 36); and (5) Defendant posts signs and uses warning cones when the bathroom is wet (*see id.* ¶ 34). Based on this evidence, a jury could conclude the wet floor presented a dangerous condition. *See Merideth v. Carnival Corp.*, 49 F.Supp.3d 1090, 1093 (S.D. Fla. 2014) ("Merely because [the plaintiff] cannot identify whether there was a foreign substance on the floor prior to her slip … does not necessitate the conclusion that her theory of liability is entirely hypothetical." (alterations added)).

The cases on which Defendant relies do not support its position. In *Weiner*, the court granted summary judgment for the defendant where the plaintiff slipped on a "foreign substance," but not based on any finding regarding whether the condition was unreasonably dangerous. *See generally* 2012 WL 5199604 (granting summary judgment because there was no evidence the defendant knew or should have known of the dangerous condition); *see also Wish v. MSC Crociere S.A.*, No. 07–60980–CIV, 2008 WL 2949440, at \*4 (S.D. Fla. July 29, 2008) (denying summary judgment where the plaintiff slipped on a wet pool deck because, *inter alia*, there was an issue of fact as to whether the defendant gave adequate notice the deck could be slippery when wet). Likewise, *Isbell*'s statement the presence of an accident does not give rise to a presumption of a dangerous condition was made in the context of whether the defendant had constructive notice of the dangerous condition, *see Isbell*, 462 F.Supp.2d at 1237, which the Court addresses in the next section.

Finally, in *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40 (S.D. Fla. 1986), the court granted summary judgment because "a drawn shower curtain does not transform a ledge into an inherently dangerous condition." *Id.* at 42. The plaintiff had argued the shower curtain hid the ledge of the shower, thereby rendering the ledge "inherently dangerous." *Id.* The Court need not decide if a wet floor is "inherently dangerous." As discussed, there is ample evidence to show the floor may have been wet, and a jury may determine a dangerous condition existed which Defendant owed Plaintiff a duty to protect against.[4]

---

4. Defendant asserts: "Plaintiff relies primarily on the opinions of his expert, Mr. Preston, for the assertion that the subject bathroom floor constituted a dangerous condition." (Reply 2).

The Court finds summary judgment inappropriate even without considering Plaintiff's expert's opinions and thus does not address Defendant's argument regarding the expert.

## B. Actual or Constructive Notice

Next, Defendant asserts there is no evidence it had any notice of the dangerous condition. (*See* Mot. 12). It notes there were no reported incidents in the restroom in the two years prior to the accident (a time frame on which both parties agreed). (*See id.* 15). In response, Plaintiff argues: (1) Defendant had actual notice of the dangerous condition; and (2) Plaintiff does not need to demonstrate notice because Defendant created the hazardous condition. (*See* Resp. 9–15).

Drawing inferences in Plaintiff's favor, there is sufficient evidence in the record to allow a jury to conclude Defendant had notice of the dangerous condition and indeed created the condition. Plaintiff's theory of the case is Defendant caused the wet condition by cleaning the bathroom floor. (*See id.* 11). Hotel Steward Win Thu Ya ("Ya") cleaned the men's room sometime around 8:00 p.m. (*see* Def.'s SMF ¶ 14), although he testified he could not remember the exact time (*see* Pl.'s SMF Resp. ¶ 14). As part of the cleaning process, employees mop the floor with sanitizer and then rinse it with water. (*See id.* ¶ 25).

█ Plaintiff entered the men's room between 8:00 p.m. and 8:15 p.m. (*see* Def.'s SMF ¶ 5), and testified there was a staff member in the men's room when he fell (*see* Pl.'s SMF Resp. ¶ 31). These facts are sufficient to create an inference the bathroom floor was wet because Ya had recently cleaned it. Defendant's insistence: (1) Ya finished cleaning the bathroom at 7:40 p.m. (*see* Def.'s SMF ¶ 15); (2) Ya was not in the bathroom at the time Plaintiff slipped, but rather entered afterward to find Plaintiff on the floor (*see id.* ¶ 21); and (3) when Ya had finished cleaning and left the bathroom prior to Plaintiff's fall, the floor was dry (*see id.* ¶ 19); is insufficient to compel a summary judgment where Plaintiff disputes each of these facts (*see* Pl.'s SMF Resp. ¶¶ 15, 19, 21). Where a defendant creates an unsafe condition, a plaintiff need not prove notice to prevail on a negligence claim. *See Long v. Celebrity Cruises, Inc.*, 982 F.Supp.2d 1313, 1316 (S.D. Fla. 2013) (citations omitted).

The facts in this case differ in important respects from *Salazar v. Norwegian Cruise Line Holdings, Ltd.*, 188 F.Supp.3d 1312, 2016 WL 2961584 (S.D. Fla. 2016), on which Defendant relies. (*See* Reply 5). In *Salazar*, the issue was whether the defendant had constructive notice of a spill on a cruise ship dance floor. *See id.* at 1316–18, *4–5. In contrast to the present case, the plaintiff did not argue the defendant created the hazardous condition. Thus, while neither Plaintiff nor the injured party in *Salazar* could identify the liquid each slipped on, how it got there, and how long the liquid had been there (*see* Reply 5), these superficial similarities do not lead to the same outcome, as Plaintiff does not need to prove notice.[5]

Likewise, *Weiner* concerned whether the defendant had actual or constructive notice, not whether the defendant created the hazardous condition. *See* 2012 WL 5199604, at *2–6; *see also Mercer v. Carnival Corp.*, No. 08–20550–CIV, 2009 WL 302274, at *2 (S.D. Fla. Feb. 9, 2009) ("Plaintiff, however, fails to provide any

---

5. Defendant's appeals to *Adams v. Carnival Corporation*, No. 08–22465, 2009 WL 4907547 (S.D. Fla. Sept. 29, 2009), and *Cohen v. Carnival Corporation*, 945 F.Supp.2d 1351 (S.D. Fla. 2013), fail for this same reason. Defendant argues there are no facts to support the wetness of the floor existed for sufficient time to allow Defendant to take corrective action, and there is no evidence Defendant was on notice of the dangerous condition. (*See* Reply 6). But both of these arguments go to whether Defendant had actual or constructive notice, which Plaintiff does not need to prove since there are facts which create an inference Defendant created the unsafe condition itself.

evidence to support his contention that Defendant had notice of the allegedly dangerous condition."); *Meyer v. Carnival Cruise Lines, Inc.*, No. C–93–2383 MHP, 1994 WL 832006, at *5 (N.D. Cal. Dec. 29, 1994) ("Meyer has offered no evidence that Carnival had notice of the allegedly dangerous condition.").

Because the Court finds disputed issues of material fact regarding whether Defendant created the unsafe condition, it need not decide whether there are disputed issues regarding Defendant's actual or constructive notice. *See Long*, 982 F.Supp.2d at 1316.[6]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion [ECF No. 43] is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 13th day of September, 2016.

---

6. In any event, the fact Defendant would ordinarily post cones and warning signs, and requires its employees to wear non-slip shoes, would be enough to demonstrate notice of the hazardous condition. *See Frasca*, 654 Fed. Appx. at 953, 2016 WL 3553217, at *3 (reversing the district court and finding the fact the defendant played a safety video for passengers warning them the deck could be slippery "sufficient to raise a genuine issue of material fact regarding Defendant's prior notice of the dangerous condition on the deck").