[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 14-11955 & 14-14324
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-20662-JG

THOMAS FRASCA,

Plaintiff–Appellant,

versus

NCL (BAHAMAS), LTD., d.b.a. NCL, et al.,

Defendants–Appellees,

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(June 30, 2016)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff Thomas Frasca slipped and fell on the deck of a cruise ship

operated by Defendant NCL (Bahamas) Ltd.  Plaintiff sued Defendant alleging,

among other things, that Defendant negligently failed to warn of the deck's

slippery condition and that Defendant negligently maintained the deck. The district court granted summary judgment in favor of Defendant. Plaintiff appealed. Because Plaintiff raised a genuine issue of material fact as to whether Defendant breached its duty to warn Plaintiff, we reverse and remand the district court's grant of summary judgment in favor of Defendant. Further, because Defendant never moved for summary judgment as to Plaintiff's negligent maintenance claim, the district court's entry of summary judgment in favor of Defendant as to that claim is likewise reversed.

## I. BACKGROUND

On March 18, 2011, Plaintiff and his wife traveled from their home in Illinois to Honolulu. The following day, Plaintiff, his wife, and their friends, Tish and Steve Stanner, boarded the Pride of America, a cruise ship operated by Defendant. After dinner that evening, the couples set off to explore the ship. They exited to an outside deck through a sliding glass door. Plaintiff was the last to exit. After taking a couple of steps, he slipped and fell. Plaintiff testified that he was "up all night" in "excruciating pain." The next morning, the ship arrived at the Maui port, where Plaintiff and his wife disembarked the ship and went to the emergency room. Plaintiff was given crutches and pain medication. He spent the remainder of the cruise in significant pain.

2

Back in Illinois, Plaintiff had an MRI, which revealed that his right hamstring had become detached from the bone. Plaintiff underwent surgery to repair his hamstring, followed by more than a year of physical therapy. As of the date of his deposition, Plaintiff was still experiencing "continuous pain," significantly impaired mobility, and "a tremendous amount of social anxiety" as a result of the fall. His personal relationships and his professional life diminished due to the accident.

Plaintiff sued Defendant, alleging a single count for negligence.[1] The case was referred to a magistrate judge with the consent of the parties. Defendant moved for summary judgment on Plaintiff's failure to warn claim. The magistrate judge granted Defendant's motion. Defendant then filed a motion to tax costs against Plaintiff, which the magistrate judge granted in part and denied in part. Plaintiff appeals both orders.

## II. DISCUSSION

The district court granted Defendant's summary judgment motion on three grounds. First, Plaintiff alleged in his complaint that the water on the deck had come from a leak in the ceiling overhanging part of the deck. Yet Plaintiff presented no evidence that water from a leaky ceiling caused his fall. Instead, as

---

[1] Plaintiff's complaint also asserted a count for loss of consortium, but that count was later voluntarily dismissed under Federal Rule of Civil Procedure 41.

3

the litigation progressed, it became clear that the water on the deck resulted from precipitation. But Plaintiff never amended his complaint to that effect. Second, the district court concluded that Plaintiff saw that the deck was wet before he slipped, and Defendant was under no obligation to warn Plaintiff of such an "open and obvious" condition. And third, the district court held that Plaintiff adduced insufficient evidence to show that Defendant was on notice that the deck was dangerously slippery when wet. The district court also entered summary judgment in favor of Defendant on Plaintiff's negligent maintenance claim. The court explained that Plaintiff had not adequately pled such a claim, and, even if he had, there was no evidence in the record to establish a genuine issue of material fact.

On appeal, Plaintiff contends that the district court erred by holding that (1) Plaintiff had to amend his complaint to correct his allegation as to the source of the water on the deck, (2) record evidence did not raise a genuine issue of material fact as to Defendant's prior notice of the deck's dangerous condition, (3) the dangerously slippery nature of the deck was open and obvious, and (4) Plaintiff did not plead a claim for failure to properly maintain the deck surface.

## A. Standard of Review

"We review *de novo* a district court's grant of summary judgment, resolving all reasonable factual disputes in favor of the non-moving party." *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015). "Summary judgment

4

is appropriate if there are no genuine issues of material fact and a party is entitled to judgment as a matter of law." *Gennusa v. Canova*, 748 F.3d 1103, 1108 (11th Cir. 2014) (citing Fed. R. Civ. P. 56(a); *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 608 (11th Cir. 2014)).  On the other hand, summary judgment is improper "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  We review the district court's fact-finding for clear error.  *Levinson v. Reliance Std. Life Ins. Co.*, 245 F.3d 1321, 1325 (11th. Cir. 2001).

## B. Analysis

Federal maritime law governs this dispute because (1) the alleged tort occurred on navigable waters, (2) the incident (i.e., injury on a cruise) has the potential to disrupt maritime commerce, and (3) the general activity giving rise to the incident (i.e., transporting passengers on a cruise ship) has a substantial relationship to traditional maritime activity.  *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900 (11th Cir. 2004) (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995)).  In order to prevail on a maritime tort claim, a plaintiff must show that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th

Cir. 2012).  Regarding the breach element, "the benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition . . . ."  *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).

### 1. Plaintiff's failure to warn claim.

Defendant does not dispute that under federal maritime law, an operator of a cruise ship has a duty to warn of known dangers that are not open and obvious. *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) (quoting *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 (S.D. Fla. 1986), *aff'd*, 808 F.2d 60 (11th Cir. 1986) (unpublished)); *Samuels v. Holland Am. Line–USA, Inc.*, 656 F.3d 948, 954 (9th Cir. 2011) ("Because Holland American had neither actual nor constructive notice of a dangerous condition on the Pacific Ocean side of Lover's Beach, it had no duty to warn Samuels about swimming there.  For this reason, we have no need to address whether the possible dangers of swimming at that location were open and obvious . . . ."); *c.f. N. V. Stoomvaart Maatschappij "Nederland" v. Throner*, 345 F.2d 472, 472 (5th Cir. 1965).  Defendant argues, however, that it did not have prior knowledge of the danger and that the danger was open and obvious to Plaintiff.  Thus, in order to defeat summary judgment in favor of Defendant, Plaintiff must raise a genuine issue of material fact as to

6

(1) whether Defendant had notice, either actual or constructive, of the deck's slipperiness and (2) whether the dangerous condition was open and obvious.

We deal first with the question whether the dangerous condition was open and obvious. At the outset, we note that, as with general tort law, our analysis is guided by the "reasonable person" standard. *Lamb by Shepard v. Sears, Roebuck & Co.*, 1 F.3d 1184, 1189–90 (11th Cir. 1993) (applying Georgia law and stating that "[w]hether a danger is open and obvious is determined 'on the basis of an objective view" and that "the subjective perceptions of the . . . injured party are irrelevant"); *Lugo v. Carnival Corp.*, ___ F. Supp. 3d ___, No. 1:15-cv-21319-KMM, 2015 WL 9583280, at *4 (S.D. Fla. Dec. 31, 2015) ("[The plaintiff's] subjective observations are irrelevant in determining whether a duty to warn existed."). Thus, the question is whether a reasonable person would have observed the deck's wetness and appreciated its resultant slickness. The relevant facts are as follows. Plaintiff, his wife, and their friends finished dinner and decided to explore the ship's outside deck. They exited the restaurant and walked through an adjoining wine bar to access the deck via a glass sliding door. Although the sun had set, it is undisputed that (1) the deck was well lit, (2) there was a "heavy fog" or mist in the air, (3) the deck was visibly "wet and shiny," and (4) there were "puddles of water" on the deck's surface. Under these circumstances, a reasonable person approaching the outer deck would have perceived the outdoor conditions

7

through the "ordinary use of [his] senses" and would have concluded based on those conditions that the deck's surface would likely be slicker than usual. *Luby*, 633 F. Supp. at 42.

Importantly, however, Plaintiff introduced an expert's report suggesting that the deck in question is *unreasonably* slippery when wet. The report suggests that a reasonable person would have known that the deck would be slippery, but not as slippery as it actually was. A jury could credit the expert's testimony and conclude that the deck's visible wetness and the weather conditions would not alert a reasonable observer to the *extent* of the deck's slipperiness.[2] This conclusion is bolstered by the uncontroverted fact that Mr. Stanner, one of Plaintiff's travel companions, also slipped (though did not fall) when exiting onto the deck. Given these facts, a reasonable jury could conclude that the degree of slipperiness on the deck was not open and obvious. Thus, Plaintiff has raised a genuine issue of

---

[2] The magistrate judge held that there was "[i]nsufficient [e]vidence" to show that the deck was unreasonably slippery. With respect to Plaintiff's expert, the magistrate judge explained that the expert did not test the exact spot of the deck on which Plaintiff slipped. Specifically: "[The expert] tested six different locations on the ship, two of which admittedly were not where the accident occurred. The other four locations tested were right outside of the wine bar[.] . . . [H]owever, [the expert] tested the area outside the *wrong* doorway." *Frasca v. NCL (Bahamas) Ltd.*, No. 12-20662-CIV-GOODMAN, 2014 WL 1385806, at *10 (S.D. Fla. Apr. 9, 2014) (internal citations omitted). On appeal, Plaintiff disputes this finding. But even if the expert did not test the location where the slip occurred, the report would not be inadmissible on that basis. *See Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1194 (11th Cir. 2011) ("[The ship owner] argues that [the expert]'s . . . [tests were] based on 'incorrect assumption[s]' about the location of [the plaintiff]'s fall. However, . . . these arguments attack the weight and the persuasiveness of [the expert]'s testimony, not its admissibility. [The ship owner] can raise these arguments on retrial through 'vigorous cross-examination' and 'presentation of contrary evidence.'").

material fact as to that issue.  The district court erred in granting Defendant summary judgment on that ground.

Defendant's second argument is that summary judgment is warranted because it lacked prior notice of the dangerous condition and therefore had no duty to warn Plaintiff of the deck's slickness.  *See Keefe*, 867 F.2d at 1322.  Plaintiff points to three pieces of record evidence to show that Defendant did know about the slippery condition:  (1) a safety video that Defendant played on the televisions in passenger cabins that warned passengers that the ship's decks could be "very slippery," (2) testimony that there were prior slip and falls on the same surface,[3] and (3) an expert report concluding that Defendant's decks did not meet industry standards for how slippery a cruise ship deck should be.  We address only the first piece of evidence, which is sufficient to raise a genuine issue of material fact regarding Defendant's prior notice of the dangerous condition on the deck.

Defendant's safety video for the Pride of America, which played on televisions in passenger cabins, warns passengers that "outside decks will get wet from salt spray and sea air *and can become very slippery*."  In analyzing whether this video warning raises a genuine issue of material fact as to Defendant's

---

[3]  Plaintiff also points to an injury log detailing accidents that occurred on the ship during the week of his cruise.  The log shows that other passengers also slipped and fell on the decks during the cruise.  However, each slip-and-fall listed occurred *after* Plaintiff's.  Therefore, those falls are not probative of Defendant's knowledge of the dangerous condition prior to Plaintiff's fall.

knowledge, our recent decision in *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275 (11th Cir. 2015), is instructive.  There, we held that the plaintiff had raised a genuine issue of material fact as to the cruise ship operator's prior knowledge where there was testimony that "warning signs were sometimes posted on the pool deck after rain" to warn passengers of the deck's slipperiness.  *Id.* at 1288–89.  We find no meaningful distinction between the practice of displaying warning signs on the one hand and of showing warning videos on the other.  Each allows the inference that the cruise ship operator had "actual or constructive knowledge that the [surface in question] could be slippery (and therefore dangerous) when wet."[4] *Id.* at 1288.  It follows that the safety video warning of the decks' slipperiness when wet is enough to withstand summary judgment as to Defendant's notice.

There is also testimony that Defendant warned passengers about the decks' slippery nature during a safety drill on the first day of the cruise.  Although Plaintiff does not cite this testimony in support of his argument regarding Defendant's prior notice of the dangerous condition, we note that it is probative of Defendant's knowledge, just as the warning video is.[5]

---

[4]  We assume that Defendant's staff members were aware of the weather conditions, just as we explained above that a reasonable passenger would have known of the conditions.  In any event, Defendant has not produced any evidence to suggest that its staff were unaware of the weather conditions at the relevant times.

[5]  Plaintiff asserts that he did not see the safety video or hear the warnings concerning wet decks during the safety drill.  But even if Plaintiff did see the warning in the video or hear the warning

10

\*\*\*

In sum, Plaintiff raised a genuine issue of material fact as to (1) whether the slippery condition on the deck was open and obvious and (2) whether Defendant had prior notice of the slippery condition.  Accordingly, the district court erred in granting Defendant's motion for summary judgment.[6]

### 2.  Plaintiff's negligent maintenance claim.

After Defendant moved for summary judgment, Plaintiff and Defendant filed a joint stipulation of facts, in which Plaintiff asserted that Defendant "did not

during the drill, a fact-finder will determine whether such warnings were sufficient under the circumstances.

[6] We disagree with the magistrate judge's conclusion that summary judgment was also warranted because Plaintiff's complaint erroneously alleged that the water on the outer deck came from a leak in the ceiling rather than rainwater.  It is true, as the magistrate judge stated, that a party cannot raise a new *claim* at the summary judgment stage. *E.g.*, *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314–15 (11th Cir. 2004) (rejecting the plaintiff's attempt to assert a contract claim in his response to the defendant's summary judgment motion where the plaintiff had asserted only tort claims in his complaint).  However, the magistrate judge took that proposition too far when it relied on a footnote in *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1258 n.27 (11th Cir. 2012), to support the idea that a party cannot introduce additional facts at the summary judgment stage.  The pertinent footnote in *GeorgiaCarry.org* states that a plaintiff may not convert a count that fails to state a claim into a count that states a claim by alleging new facts in response to a summary judgment motion.  Here, however, Plaintiff's complaint stated a claim for negligence.  That claim was premised on Plaintiff's slip and fall on a slippery deck on Defendant's cruise ship, whatever the source of the water causing the fall may have been.  In any event, Defendant was aware of Plaintiff's causal theory at least two-and-a-half months before Defendant moved for summary judgment.  And Defendant knew that the deck was wet from "rain and sea spray" long before that.  Furthermore, the parties appear to have been operating under a mutual understanding that rain, rather than a leaky ceiling, was the culprit.  Accordingly, we have no reason to believe that Defendant was ambushed by the erroneous statement in Plaintiff's complaint.

11

take the appropriate action to construct and maintain the deck in reasonable non-skid transition and/or warn of the dangerous condition of the deck when wet." In response, Defendant moved *in limine* to exclude all evidence of theories not presented in Plaintiff's complaint, including Plaintiff's theory of negligent construction and maintenance of the deck.

The magistrate judge addressed Defendant's motion *in limine* in his summary judgment order, explaining that Plaintiff's complaint "does not allege a negligent design, maintenance, selection, or construction theory." This factual finding is clearly erroneous, in part. Plaintiff's complaint does assert a negligent maintenance claim.[7] Specifically, the introductory section of Plaintiff's complaint states that "[Defendant] breached its duty to [Plaintiff] by failing to maintain this area in a reasonably safe condition under the circumstances." And Count I alleges that Defendant "had a duty to operate and maintain its [] cruise ship . . . in a reasonably safe condition under the circumstances, and to warn of and correct any dangerous or defective conditions of which [Defendant] knew or should have known existed or which it created in or near the area where [Plaintiff] was injured." Count I goes on to allege, among other things, that Defendant breached its duty to Plaintiff by "negligently fail[ing] to maintain [the] vessel" and "b.

---

[7] The magistrate judge correctly concluded, however, that Plaintiff's complaint does not assert a negligent design, selection, or construction theory.

negligently fail[ing] to warn [Plaintiff] about the slippery wet conditions on [the] deck." Thus, Plaintiff unambiguously alleged that Defendant was negligent by (1) failing to maintain the deck in a reasonably safe condition and (2) failing to warn Plaintiff of the deck's slippery condition. The magistrate judge clearly erred by finding otherwise.

The magistrate judge compounded his error by granting summary judgment in favor of Defendant on Plaintiff's negligent maintenance claim because Defendant's summary judgment motion addressed only Plaintiff's failure to warn claim. Federal Rule of Civil Procedure 56 states that a party seeking summary judgment must "identify[] each claim . . . or the part of each claim . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). A court may grant a motion for summary judgment on grounds not raised by a party only "[a]fter giving notice and a reasonable time to respond. . . ." Fed. R. Civ. P. 56(f). There is no evidence in the record to suggest that the magistrate judge provided the parties such notice. Thus, the magistrate judge erred by *sua sponte* entering summary judgment in favor of Defendant on Plaintiff's negligent maintenance claim. *See Gentry v. Harborage Cottages-Stuart, LLLP*, 654 F.3d 1247, 1261 (11th Cir. 2011) ("In this

case, the court entered judgment on claims not identified by Plaintiffs in their Rule 56 motion and without advance notice.  This was error.").[8]

### III. CONCLUSION

The magistrate judge's order granting summary judgment and order awarding costs to Defendant are **REVERSED**.  *See Sorrels*, 796 F.3d at 1279 n.1 ("Because we vacate the district court's summary judgment order, we vacate the award of costs.").  This action is **REMANDED** for further proceedings consistent with this opinion.

_____

[8]  The magistrate judge's conclusion is also problematic insofar as it conflates a negligent maintenance claim with a negligent construction, design, or selection claim.  The evidence needed to prevail under these theories is different, as is the evidence necessary to withstand summary judgment.  And it is not at all clear that the magistrate judge considered whether there was any record evidence to support a negligent *maintenance* theory.  Indeed, the judge reasoned that "[t]o be liable for negligent design or construction, a defendant must have played some role in the design or construction."  *Frasca*, 2014 WL 1385806, at *9.  But no such showing is required to prevail on a negligent maintenance claim.