[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11437
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20038-JKL

MARIANNE MALLEY,

                                                    Plaintiff-Appellant,

versus

ROYAL CARIBBEAN CRUISES LTD,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 9, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Marianne Malley fell while attempting to step onto a high coaming on Defendant Royal Caribbean Cruise's ship. A coaming is a raised divider. Plaintiff alleges that Defendant was negligent for failing to warn of the coaming's unreasonable height, which created a dangerous situation in which passengers were likely to fall, and for creating a negligent mode of operation. The district court granted Defendant's motion for summary judgment and Plaintiff appealed. After careful review, we affirm.

I. **BACKGROUND**

### A. Factual Background

In February 2015, Plaintiff and her family took a cruise on Defendant's ship *Allure of the Seas*. Two days after embarking on the cruise, Plaintiff and her cousin Francine Patane attended a cocktail party on the ship's helicopter deck. In front of the helicopter deck's entrance, a crew member handed out champagne and punch. After receiving their drink, guests were invited to walk onto the deck. Plaintiff took a glass of champagne, holding the glass in one hand and her purse in the other. She proceeded to the deck's entrance. In order to access the helicopter deck, passengers had to step onto a high coaming (a raised divider). The coaming had handrails; the evidence is inconsistent as to whether the coaming was marked with yellow and black tape.

Plaintiff attempted to walk onto the helicopter deck. Because she was holding a glass of champagne and her purse, she was unable to use the handrail. Although Plaintiff could clearly see the coaming and realized that she had to step onto it, she underestimated how high the step was. As Plaintiff attempted to step onto the coaming, she did not lift her leg high enough. Her foot was too low to land on top of the coaming, causing her to fall forward. Plaintiff and her cousin both attest that it was impossible to tell how high the coaming was until they were in the process of stepping onto it.

Neither party submitted measurements or clear pictures of the coaming. Plaintiff alleges that the coaming was the height of "two normal steps" and her cousin stated that the coaming was "at least a foot tall."

Plaintiff was seriously injured by the fall. She hurt her nose and had significant bruising on her face. She also injured the entire left side of her body, including her shoulder, ribs, and knee. She fractured her shoulder, requiring a sling.

## B. Procedural Background

Pursuant to the forum selection clause on her ticket, Plaintiff brought this negligence action in the Southern District of Florida. The district court granted Defendant's motion for summary judgment, concluding that the coaming was not

unreasonably high and that, in any event, the height was open and obvious.  The court denied Plaintiff's subsequent motion for reconsideration.

On appeal, Plaintiff contends that there is a genuine dispute over whether Defendant negligently failed to warn, whether Defendant was negligent in creating and allowing an unreasonably dangerous condition, and whether Defendant had a negligent mode of operation.

## II.  STANDARD OF REVIEW

This Court reviews the denial of summary judgment *de novo* and utilizes the same legal standards as the district court.  *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013).  We grant "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In making our determination, we view all facts and resolve all doubts in favor of the nonmoving party.  *Feliciano*, 707 F.3d at 1247.

## III.  DISCUSSION

Because Plaintiff's injury occurred on navigable waters, federal admiralty law governs this dispute.  *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990).  Cruise ships have a duty of care to their passengers.  But "[a] carrier by sea [ ] is not liable to passengers as an insurer, [ ] only for its negligence."  *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th

4

Cir. 1984).  To prevail on a maritime tort claim, a plaintiff must prove that the defendant had a duty of care, the defendant breached that duty, the breach was the actual and proximate cause of the plaintiff's injury, and the plaintiff suffered actual harm.  *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1280 (11th Cir. 2015).  A cruise ship only has a duty to protect passengers from dangers that it has notice of:

> [T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.

*Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *See also Everett*, 912 F.2d at 1358–59 (reversing the district court for failing to require notice).

Plaintiff's negligence argument focuses on the coaming's unreasonable height and the circumstances surrounding her fall.  She claims that Defendant was negligent for handing out champagne before (instead of after) passengers crossed the coaming, which meant that passengers did not have a free hand to use the handrails.  Further, no crew member stood next to the coaming to help passengers step onto it.  Plaintiff alleges that these acts and the coaming's unreasonable height constituted three types of negligence:  (1) failure to warn, (2) negligently creating or allowing a dangerous condition, and (3) negligent mode of operation.  We address each in turn.

## A. Failure to Warn

Under federal admiralty law, a cruise ship must warn of known dangers that are not open and obvious. *See Keefe*, 867 F.2d at 1322; *Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 357 (5th Cir. 2016). If the cruise ship did not have notice of the danger or if the danger is open and obvious to a reasonable person, the ship has no duty to warn. *See Keefe*, 867 F.2d at 1322; *Deperrodil*, 842 F.3d at 357. In order to defeat summary judgment, Plaintiff therefore must prove that there is a genuine issue of material fact as to whether (1) Defendant had notice of the unreasonable height of the coaming and (2) the coaming's height was open and obvious.

### 1. Notice

In order for Defendant to be liable for negligence, it must have had actual or constructive notice that a condition creates a risk. *Keefe*, 867 F.2d at 1322; *Everett*, 912 F.2d at 1358–59. Knowledge that the condition exists is not sufficient, the defendant must also know that the condition is dangerous. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). We cannot automatically impute awareness of the danger just because the defendant created the condition. *Everett*, 912 F.2d at 1358–59. To demonstrate notice, the plaintiff can point to previous injuries or show that the defendant previously warned of the danger. *See Sorrels*, 796 F.3d at 1280 (holding that the defendant had notice that a

6

floor was slippery when wet because prior passengers had slipped and the defendant had previously posted a warning).

Plaintiff argues that Defendant had notice that passengers needed to be warned of the coaming's unreasonable height. According to Plaintiff, the fact that there was a railing and that there may have been yellow and black tape demonstrates that Defendant knew that the coaming was dangerously high and that passengers needed a free hand or assistance to safely step onto it. Railings (and tape, if there was any) do show that Defendant knew that the coaming was a step up from the ground. But as Plaintiff has repeatedly conceded in her brief, she does not argue that Defendant was negligent for not warning that there was a step. Rather, she argues that Defendant was negligent for not warning that the step was unreasonably high. Plaintiff's evidence, however, does not demonstrate that Defendant knew that the coaming was unreasonably high or that it created a risk to passengers.

Further, there is no evidence that anyone else has ever fallen on the coaming. There is not even evidence that anyone else had a close call or complained about the height. In her affidavit, Plaintiff's cousin stated that the coaming was incredibly tall, but this is not relevant to Defendant's knowledge. In short, Defendant had no notice that the coaming was unreasonably high. Thus, Defendant was not required to provide a warning about its height.

7

   2.  Open and Obvious

A defendant cannot be liable for failure to warn if the risk-creating condition is open and obvious to a reasonable person.  *Deperrodil*, 842 F.3d at 357.  *See also Samuels v. Holland Am. Line-USA, Inc.*, 656 F.3d 948, 954 (9th Cir. 2011). To determine whether a condition is open and obvious, this Court asks whether a reasonable person would have observed the condition and appreciated the nature of the condition.  *See Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1345 (S.D. Fla. 2015); *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1345–46 (S.D. Fla. 2015).  The Court focuses on what an objectively reasonable person would observe and does not take into account the plaintiff's subjective perceptions.  *Lugo*, 154 F. Supp. 3d at 1345–46.

In her deposition, Plaintiff testified that she could easily see the coaming and recognized that she had to step onto it:

> Q:  As you approached the doorway, were you aware that you had to step over a threshold to get out?
>
> A:  Yes.
>
> Q:  And did you, in fact, attempt to step over the threshold?
>
> A:  Yes.
>
> Q:  But your foot got caught?
>
> A:  Yes.
>
> Q:  So you could clearly see that there was a threshold there?

A:  Yes.

Q:  There was nothing blocking your view of the threshold?

A:  No.

Q:  And it was not too dark for you to see the threshold?

A:  No.

Plaintiff states that she was able to see the step, but was not able to discern the *height* of the step.  Yet, several passengers, including Plaintiff's cousin, successfully stepped onto the coaming before Plaintiff fell.  One can infer that a person who could see a step would also be able to see how high the step was.

In her affidavit, Plaintiff's cousin asserted that she was not able to perceive the height of the step until she was stepping onto it.  She describes the coaming as "unexpectedly tall."  However, Plaintiff's cousin also acknowledged that she was able to step onto the coaming without falling.  While Plaintiff's cousin may not have noticed the coaming's height right away, she did notice the height with enough time to successfully step on top of it.  Despite Plaintiff's contentions to the contrary, her cousin's affidavit further confirms that a reasonable person could see the coaming's height.

In addition, the existence of a handrail by the step suggested the need for caution in navigating the step.  A reasonable person would be able to assess whether she needed to use the handrail or ask for assistance.  As to Defendant

9

passing out champagne before passengers walked onto the helicopter deck, a reasonable person could put their drink down or ask for assistance if concerned about the step.

In short, the coaming's height was open and obvious to a reasonable person. We therefore conclude that Defendant had no duty to warn of the height.

### B. Creating or Allowing a Dangerous Condition

Not only does Plaintiff argue that Defendant was negligent for failing to warn of the coaming, Plaintiff also seems to argue[1] that Defendant was negligent for having an unreasonably high step and creating a situation in which passengers were more likely to fall.[2] According to Plaintiff, it was negligent for Defendant to construct a coaming that was unreasonably high, which made it more likely that a passenger would fall. It was further negligent for a crew member to hand out champagne and punch before (instead of after) passengers walked onto the coaming, when passengers might not have a free hand to hold onto the railing, and not to station a crew member next to the coaming to help passengers step onto it.

---

[1] Plaintiff does not separately articulate this claim in her brief. However, it was mentioned in the complaint and was at issue at summary judgment. Instead her arguments on this point are contained within her discussion of the failure to warn claim.

[2] Plaintiff claims that the district court failed to address this argument in the summary judgment order. But this is not so. The district court fully addressed this argument, holding that "the evidence establishes that the threshold was not unreasonably dangerous."

As explained above, a cruise ship can only be liable for negligence if it had notice of the risk-creating condition. *Keefe*, 867 F.2d at 1322; *Everett*, 912 F.2d at 1358–59. The ship must not only know that the condition exists, but also know that the condition is dangerous. *See Chaparro*, 693 F.3d at 1337. Here, Defendant had notice of the coaming's height. However, Defendant did not know that the coaming was dangerously high. There is no evidence that a passenger had ever been injured, or even complained, before now. The evidence also does not show that Defendant was on notice that passengers needed special assistance to cross the coaming. Accordingly, Defendant cannot be held liable for creating this condition.

## C. Mode of Operation

Plaintiff also alleges that Defendant should be held liable for having a negligent mode of operation.[3] A negligent mode of operation claim is recognized under Florida law as a claim that a business created an unsafe environment through the manner in which it conducts its business. *Markowitz v. Helen Homes of Kendell Corp.*, 826 So. 2d 256, 260–61 (Fla. 2002); *Etheredge v. Walt Disney World Co.*, 999 So. 2d 669, 672–73 (Fla. 5th DCA 2008). In a Florida negligent mode of operation case, the plaintiff alleges that the company's policies are negligent. *See Markowitz*, 826 So. 2d at 259–61. The court focuses on the

---

[3] Plaintiff complains that the district court wrongly ignored this argument below. The district court addressed all allegations that Plaintiff made in her complaint. Arguably, Plaintiff did not sufficiently raise this claim below, but because the claim can easily be dismissed on other grounds, we will not make that determination.

11

company's general policies and operations, not on the specific incident in which the plaintiff was injured. *Id.*

No court has ever held that this claim exists in federal admiralty law.[4] All of Plaintiff's citations are to Florida law cases. A basic attribute of a negligent mode of operation claim is at odds with admiralty law's requirement that a cruise ship must have notice of the dangerous condition. *Keefe*, 867 F.2d at 1322. Yet, a key feature of a Florida mode of operation claim is that the company need not have notice. *Markowitz*, 826 So. 2d at 260–61. And there is no dispute that federal admiralty law governs this dispute. *Everett*, 912 F.2d at 1358. Nevertheless, whatever we call the claim, to the extent it alleges negligence, Plaintiff cannot succeed for the reasons explained earlier in this discussion.

## CONCLUSION

For the above reasons, we **AFFIRM** the district court's grant of summary judgment to Defendant.

---

[4] The federal admiralty case we have found that addresses this issue is *Stewart-Patterson v. Celebrity Cruises, Inc.*, No. 12-20902-CIV, 2012 WL 2979032 (S.D. Fla. July 20, 2012). The court there concluded that "maritime law does not support a stand-alone claim based on Defendant's 'mode of operation' unconnected to Plaintiff's specific accident. Indeed, Plaintiff has cited no decision that would support such a claim in admiralty." *Id.* at *3.