[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13069
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-21461-RNS

OLENA GONCHARENKO,

Plaintiff - Appellant,

versus

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 10, 2018)

Before WILSON, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

In this cruise ship personal injury case, Plaintiff Olena Goncharenko appeals the district court's order striking her expert witnesses and the subsequent order of summary judgment against her.  We affirm.

## I. The Incident

Goncharenko was a passenger on the Royal Caribbean cruise ship *Anthem of the Seas*.  While aboard, she went to an upper deck to get some ice cream.  There was a video camera on this upper deck.  That camera captured the incident that gave rise to the suit.  The recording is in the record, but for context, we give a brief overview of what it shows.

As Goncharenko walked toward the ice cream machine, she encountered a crewman.  The crewman began to open two small metal swinging doors at the top of the ice cream machine, both roughly at eye level.  As the crewman began to open these doors, he paused when he saw Goncharenko, and he physically pointed at the doors.  Then, another passenger tapped Goncharenko on the shoulder and likewise pointed to the doors.  Goncharenko grasped one of the opening doors in unison with the crewman and assisted him in opening the door.

Goncharenko then bent under the now-open doors and retrieved some ice cream from the container below.  Ice cream in hand, she walked away from the ice cream machine.  Then, as she walked toward the stairs to the side of the ice cream

2

machine, she struck one of the open doors' corners with her head, allegedly causing injury.

## II. Striking Expert Witnesses

We review a trial court's "decision to admit or exclude expert testimony for abuse of discretion." *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1178 (11th Cir. 2013). A party must "disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). At a minimum, this disclosure must also state (i) "the subject matter on which the witness is expected to present evidence," and (ii) "a summary of the facts and opinions to which the witness is expected to testify."[1] Fed. R. Civ. P. 26(a)(2)(C).

Here, the district court's scheduling order required expert disclosures by February 8, 2017. On that day, Goncharenko sent an email purporting to be an expert witness disclosure. The email did not include the names of any witnesses, but stated: "At trial, the only witnesses whom I may ask to provide expert opinions are the medical providers whose records you have received through the discovery process." As to subject matter, facts, and opinions, the email merely stated that

---

[1] If the expert is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the party must provide a written report from that expert. Fed. R. Civ. P. 26(a)(2)(B). Royal Caribbean insinuates that this elevated requirement applies in this case. It does not matter which Rule applies here, because the district court did not abuse its discretion in finding that Goncharenko did not meet the lower Rule 26(a)(2)(C) disclosure requirement.

such information "is contained in their records and reports that you have received through discovery.  In addition, all these witnesses will testify that the accident on the Defendant's ship . . . caused the injuries described in the medical records/reports."  Two days later (which was two days late under the scheduling order), Goncharenko sent a letter, stating: "This is our list of medical witness [sic] for trial."  It listed five people and their contact information and also listed "Anthems of the Sea Infirmary."  It contained no additional information.

More than a month later, after Royal Caribbean moved to strike the expert witnesses, Goncharenko sent another email, this time purporting to amend her earlier expert disclosure.  This email listed three people, and had one additional sentence: "In addition to what he wrote in his reports, Dr. Golzad will also testify that the Plaintiff's traumatic brain injury is a permanent injury."

The magistrate judge granted Royal Caribbean's motion to strike. Goncharenko objected to and appealed from the magistrate judge's order, and the district court affirmed.

We do not find an abuse of discretion in the district court's striking of the expert witnesses.  Goncharenko complied with neither the Federal Rules of Civil Procedure nor the district court's scheduling order in her attempt to disclose her expert witnesses.  The only timely purported disclosure did not even include names.  In fact, it contained almost no information, except a reference to the

4

"records and reports that [Royal Caribbean] received through discovery."

Allowing this type of vague reference defeats the purpose of the Federal Rules, and

"would invite a party to dump voluminous medical records on the opposing party,

contrary to the rule's attempt to extract a 'summary.'" *Jones v. Royal Caribbean*

*Cruises, Ltd.*, No. 12-20322-civ, 2013 WL 8695361, at *4 (S.D. Fla. Apr. 4, 2013).

Therefore, we affirm the district court's decision to strike the witnesses. *See*

Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a

witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial,

unless the failure was substantially justified or is harmless.").[2]

### III. Summary Judgment

A. Failure to Warn

Following its striking of the expert witnesses, the district court granted

summary judgment in favor of Royal Caribbean. We review a grant of summary

judgment de novo, viewing the evidence in the light most favorable to the

nonmoving party. *Jurich v. Compass Marine, Inc.*, 764 F.3d 1302, 1304 (11th Cir.

2014) (per curiam); *see also Am. Dredging Co. v. Lambert*, 81 F.3d 127, 129 (11th

Cir. 1996). Summary judgment is appropriate when "there is no genuine issue as

---

[2] We likewise find no abuse of discretion in the district court's refusal to find a substantial justification or harmlessness.

to any material fact and the moving party is entitled to judgment as a matter of law. *Jurich*, 764 F.3d at 1304.

Under federal maritime law, we rely on "general principles of negligence law," under which a negligence plaintiff must show duty, breach, causation, and damages. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (per curiam). A cruise ship operator owes its passengers a duty of "ordinary reasonable care under the circumstances." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) (per curiam). This includes a duty to warn of known dangers that are not open and obvious. *Rocamonde v. Marshalls of MA, Inc.*, 56 So. 3d 863, 865 (Fla. 3d DCA 2011);[3] *see also Frasca v. NCL (Bahamas), Ltd.*, 654 F. App'x 949, 952 (11th Cir. 2016) (per curiam); *Isbell v. Carnival Corp*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006). We apply an objective reasonable person test to determine whether a hazard is open and obvious. *Frasca*, 654 F. App'x at 952.

Here, the district court found that "a reasonable trier of fact could not find that Royal Caribbean had a duty to warn Goncharenko of the fact that the doors were open." Regardless of whether it had a duty to warn, Royal Caribbean did

---

[3] "Where a case arises in admiralty, we apply the general maritime law . . . . However, when neither statutory nor judicially created maritime principles provide an answer to a specific legal question, courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law." *Sea Byte, Inc. v. Hudson Marine Mgmt. Servs., Inc.*, 565 F.3d 1293, 1298 (11th Cir. 2009) (citations and internal quotation marks omitted); *see also Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 n.2 (S.D. Fla. 1986) (applying rule in similar case).

actually warn Goncharenko of the doors.  The crewman stopped opening the doors when he saw Goncharenko, and he physically pointed out the opening doors.  A personal warning surely satisfies any duty Royal Caribbean had on this matter.[4] We therefore affirm on this issue.

## B.  Other Issues

We may affirm a grant of summary judgment for any reason supported by the record.  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009). "When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required."  *Rivera v. Royal Caribbean Cruises Ltd.*, 711 F. App'x 952, 954 (11th Cir. 2017) (per curiam).

As to all of her negligence theories, Goncharenko cannot show proximate causation, and this is fatal to her case.[5]  Even though she has a report of a doctor that appears to have been properly disclosed, *see* Doc. 53 at 7, Doc. 51-5 at 23, and even though that report opines that Goncharenko's alleged injuries are "causally related to the injury of record," we have already affirmed the district court's ruling striking all expert witnesses.  Thus, any such statement would be inadmissible. *See, e.g.*, *Gordon v. Wal-Mart Supercenter*, No. 08-00527-CG, 2009 WL 3850288,

---

[4] We thus decline to reach the open and obvious issue.

[5] She acknowledges as much in her brief. *See* Reply Br. at 14 (noting that striking the expert witnesses is an "extreme, *case-ending* sanction" (emphasis added)).

7

at *8 (S.D. Ala. Nov. 12, 2009) ("However, since this court has established above that the treating physicians are not allowed to testify as experts, any statements in the medical records unrelated to the treatment of plaintiff, including any statements as to the causation of plaintiff's injuries, is not admissible under Rule 803(4).").

Accordingly, Goncharenko cannot meet her burden as to medical causation for any of her claims. We therefore affirm the district court's entry of summary judgment against her.

## IV. Conclusion

For the aforementioned reasons, we affirm the district court's order striking the expert witnesses and the district court's entry of summary judgment against Goncharenko.

**AFFIRMED.**

8