[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15803
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-21842-JLK

MARK HORNE,
an individual,

                                                                Plaintiff-Appellant,

JULIE MARTIN-HORNE,
an individual,

                                                                Plaintiff,

versus

CARNIVAL CORPORATION,
a foreign corporation
d.b.a. Carnival Cruise Line,
d.b.a. Carnival Cruise Lines,

                                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 29, 2018)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Horne ("Horne") appeals the district court's grant of Carnival's motion for summary judgment on his claim for negligent failure to warn of a dangerous condition on a cruise ship, and for negligent maintenance. On their honeymoon, Horne and his wife Julie were on the cruise ship *Fascination*, and went to take pictures of the sunset on an exterior deck. It was a very windy day, and when they desired to leave the exterior deck the couple had to go through a heavy metal door. A warning sign on the door said "CAUTION—WATCH YOUR STEP—HIGH THRESHOLD." There was no other warning. Julie opened the door, but had trouble, so Horne grabbed the door along its edge and held it open. Once Horne walked through the door, he began to release it. The door slammed shut as Horne released it, closing before he could get his hand free and chopping off the fifth finger of his right hand at the distal joint.

Horne brought suit against Carnival, alleging failure to warn of a dangerous condition and negligent maintenance of the door. The district court granted summary judgment to Carnival, finding that Carnival had no duty to warn because there was no evidence that Carnival was on notice, actual or constructive, of the dangerous condition and because the danger was open and obvious. This appeal followed.

2

We review *de novo* a district court's grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party. Quigg v. Thomas Cnty. Sch. Dist., 814 F.3d 1227, 1235 (11th Cir. 2016). Summary judgment is properly granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Quigg, 814 F.3d at 1235 (quotations and alteration omitted).

Because the injury occurred on navigable waters, federal admiralty law applies to this case. Everett v. Carnival Cruise Lines, 912 F.2d 1355, 1358 (11th Cir. 1990). To establish his claim for negligence, Horne must show that Carnival had a duty of care, breached that duty, and that breach was the proximate cause of Horne's injury. "[A] cruise line owes its passengers a duty to warn of known dangers." Chaparro v. Carnival Corp., 693 F.3d 1333, 1336 (11th Cir. 2012). However, in order to have a duty to warn of a danger, the cruiseline must have "actual or constructive notice of the unsafe condition." Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1322 (11th Cir. 1989). Moreover, there is no duty to warn of open and obvious dangers. See Restatement (Second) of Torts § 343A cmt. e (Am Law Inst. 1965); Deperrodil v. Bozovic Marine, Inc., 842 F.3d 352, 357 (5th Cir. 2016); Frasca v. NCL (Bahamas), Ltd., 654 F. App'x 949, 951 (11th Cir.

3

2016) (citing Lamb by Shepard v. Sears, Roebuck & Co., 1 F.3d 1184, 1189–90 (11th Cir. 1993)). Whether a danger is open and obvious "is guided by the 'reasonable person' standard." Frasca, 654 F. App'x at 951.

The district court granted summary judgment on the grounds that Carnival had no duty of care (Horne alleges there was a duty to warn and a duty to maintain) and so Horne's claims fail as a matter of law. As to failure to warn, the court held no duty existed for two reasons: (1) Carnival did not have actual or constructive notice of the allegedly hazardous condition; and (2) the hazard was open and obvious. The court separately held that Carnival had no notice that the door was in a dangerous condition, so the failure to maintain claim failed as well. We will address each holding in turn.

First, the district court held that there was no evidence that Carnival had either actual or constructive notice of the allegedly hazardous condition of the winds causing the door to slam. In Sorrels v. NCL (Bahamas) Ltd., 796 F.3d 1275 (11th Cir. 2015), we addressed actual or constructive notice in the context of a slip and fall case on a cruise ship. In that case, we held that "testimony of [witnesses]— that warning signs were sometimes posted on the pool deck after rain—viewed in the light most favorable to [plaintiff], is enough to withstand summary judgment as to notice." Id. at 1289. Likewise, in this case, there is evidence that the cruise line sometimes posted signs on the deck door in the event of strong winds. These signs

4

would read "caution, strong winds." There was no such sign on the day of the incident. Viewed in the light most favorable to Horne, the evidence that Carnival, in the past, put up signs warning of strong winds creates a genuine issue of fact as to whether Carnival had actual or constructive notice of the hazardous condition.

Second, the district court held that the danger of the door slamming shut in high winds was open and obvious, so Carnival had no duty to warn. A cruise line does not "need to warn passengers or make special arrangements for open-and-obvious risks." Deperrodil, 842 F.3d at 357 (5th Cir. 2016); Malley v. Royal Caribbean Cruises Ltd, 713 F. App'x 905, 908 (11th Cir. 2017). In determining whether a risk is open and obvious, we focus on "what an objectively reasonable person would observe and do[] not take into account the plaintiff's subjective perceptions." Malley, 713 F. App'x at 908.

The district court held that the windy conditions and the heavy door were open and obvious to a reasonable person. Moreover, a reasonable person would have used the handle of the door instead of holding it by the edge, as Horne did. Horne argues that the relevant danger is not the wind, or the heavy door, but rather the risk that the wind would cause the door to slam so hard and so fast that it would chop off his finger. Horne contends that this risk is not open and obvious to the reasonable person. Horne states that although he knew that the door was heavy and it was windy, he had no reason to believe the door would close so hard and fast

5

that it chopped off his finger. He also states that he had no way of knowing that the door would slam shut so fast that, despite his best efforts, he could not remove his hand in time. Based on this testimony, viewed in the light most favorable to Horne, we hold that a reasonable juror could find that this hazard was not open and obvious. Thus, we reverse with respect to the duty to warn claim.

Third, the district court held that Horne's failure to maintain claim fails because there is no evidence that Carnival had notice that the door was in a dangerous condition. In order for Horne to succeed on his failure to maintain claim, he must show that Carnival had actual or constructive notice that the door was in a dangerous condition. Horne's expert's testimony that the door was in a dangerous condition is only relevant if Horne can first show that Carnival had actual or constructive notice of this danger. The only evidence Horne presents that Carnival had actual or constructive notice that the door was dangerous were two work orders entered, and subsequently closed, for repairs on the door. Plaintiff presents no evidence that these work orders were not actually performed; in fact, Carnival's corporate representative testified that "closing" a work order indicates that the requested repairs have been completed. Thus, these work orders do not provide evidence that Carnival had notice that the door remained in a dangerous condition at the time of the incident. Viewed in the light most favorable to Horne, the work orders alone do not create a genuine issue of fact about whether Carnival

6

had actual or constructive notice that the door was in a dangerous condition at the time of the incident. Thus, the district court did not err with respect to the failure to maintain claim.

For the foregoing reasons, we affirm the judgment of the district court with respect to the failure to maintain claim, but we reverse with respect to the claim of duty to warn. The district court's grant of summary judgment is

**AFFIRMED in part, REVERSED in part, and REMANDED for proceedings not inconsistent with this opinion.**