[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12982

Non-Argument Calendar

————————————————

DEBORAH WEEKLEY,

                                        Plaintiff-Appellant,

*versus*

WAL-MART STORES EAST, LP,

                                        Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-01938-JSM-AAS

————————————————

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Deborah Weekley appeals the district court's grant of Wal-Mart Stores East LP's motion for summary judgment in her slip-and-fall case.  On appeal, Weekley argues that the district court erred because there was a genuine issue of material fact that precluded judgment.  We write only for the parties who are already familiar with the facts.  Accordingly, we include only such facts as are necessary to understand our opinion.

"We review a district court's decision on summary judgment de novo and apply the same legal standard used by the district court, drawing all inferences in the light most favorable to the non-moving party and recognizing that summary judgment is appropriate only where there are no genuine issues of material fact." *Smith v. Owens*, 848 F.3d 975, 978 (11th Cir. 2017).

Because this negligence case arose in Florida and is before us on diversity jurisdiction, *see* 28 U.S.C. § 1332(a), we are required to apply Florida's substantive law, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Where the Supreme Court of Florida has not addressed a particular issue, federal courts are then bound by the decisions of the Florida district courts of appeal that address the disputed issue, unless there is an indication that the supreme court would not adhere to the district court's decision." *Geary Distrib. Co. v. All Brand Imps., Inc.*, 931 F.2d 1431, 1434 (11th Cir. 1991).

Under Florida law, a plaintiff must establish four elements to sustain a negligence claim: (1) "the defendant owed a 'duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks'"; (2) "the defendant failed to conform to that duty"; (3) there is " '[a] reasonably close causal connection between the [nonconforming] conduct and the resulting injury' to the claimant"; and (4) "some actual harm." *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007) (alterations in original) (citation omitted).

In *Lago v. Costco Wholesale Corp.*, 233 So. 3d 1248, 1250 (Fla. 3d DCA 2017), the court stated that "in Florida Statutes section 768.0755 the legislature modified a business's duties when its invitees are injured by 'transitory foreign substances.'" Indeed, in *Encarnacion v. Lifemark Hospitals of Florida*, 211 So.3d 275, 278 (Fla. 3d DCA 2017), the court stated that "proof of breach element of the claim against an owner of the establishment is statutorily constrained" by the provision. That statute reads:

> [i]f a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:

(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

(b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1).

In *Lago*, the court affirmed the district court's grant of summary judgment when the plaintiff brought suit alleging the store had breached its duty as a business owner to maintain a safe premises. But the plaintiff testified that she did not see any liquid on the ground before she fell, she did not know what the liquid was, and she did not know how long it had been there. 233 So.3d at 1251-52. Further, she had not seen any employee near the place where she fell before or when she fell, which would go to the issue of actual knowledge. *Id.* at 1251. She also did not see anyone else fall in the area where she fell. *Id.* at 1252. The court stated "[w]ithout additional facts suggesting the liquid had been there for a long period of time or this happened regularly, the trial court properly granted summary judgment." *Id.*

Here, the district court correctly addressed the issue of notice as a threshold question and found that Weekley had not produced any evidence that Wal-Mart knew or should have known about the presence of a liquid where she fell. And indeed, the only evidence of a transitory foreign substance that Weekley points to is a small wet spot on her buttocks she reported noticing while at

23-12982                Opinion of the Court                5

the emergency room.[1]  No one at the site of the fall, including Weekley's granddaughter, could find any substance that she slipped on.  As the district court noted, in the five minutes before the fall, twenty-nine customers walked through the area where she fell without incident.  And, a Wal-Mart employee inspected the area within those five minutes.  These facts support the district court's finding and it did not err when it granted Wal-Mart's motion for summary judgment.

AFFIRMED.

---

[1] Weekley argues, for the first time on appeal, that the surveillance video shows a Wal-Mart employee mopping up something near where she fell and that she walked through that area.  She asserts that walking through that area must have gotten her feet wet and caused her to fall two minutes later.  Weekley did not raise this before the district court, denying it the opportunity to rule on this theory.  We will not address issues not raised before the district court.  *Blue Martini Kendall, LLC v. Miami Dade Cnty.*, 816 F.3d 1343, 1349 (11th Cir. 2016).  Although she relies on our unpublished decision in *Frasca v. NCL (Bahamas) Ltd.*, 654 F. App'x 949 (11th Cir 2016), to challenge that rule, that case is distinguishable.  There, the plaintiff changed his theory of where the water came from that caused the slippery deck from his complaint to his argument at the summary judgment stage.  *Id.* at 955 n.6.  By contrast, Weekley in this case failed to raise her new issue in her complaint or response to the motion for summary judgment, denying the district court judge the opportunity to decide the case on this new theory.